**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


TI TECHNOLOGY (BASEBALL) LLC,                CASE NO.  1:13cv634

     Plaintiff,

   -vs-                                    Judge Michael R. Barrett

JAMES K. LEFEBVRE,

     Defendant.


## <u>ORDER</u>

   This lawsuit was filed on September 10, 2013.  There have been a number of teleconferences regarding discovery and case status.  The Court therefore sets this matter for a telephonic, on the record, status conference on **October 8, 2014 at 5:00 P.M. Eastern time.**[1]  The parties will be expected to be able, at least, to answer the following questions and provide explanations or evidence as requested below.

   <u>As to Plaintiff</u>:

   1. In his August 17, 2014 filing titled "Plaintiff's Notice of Production of Documents and Information to Defendant" (Doc. 32), Plaintiff states that the attached documents were filed with the Court on August 4, 2014 (nearly a year after the initial complaint) and were sent to counsel "at least three times."  (Doc. 32, fn. 1).  Please provide the Court with evidence of each and every time each of the individual documents was previously provided to defense counsel.

   2.  In regards to the exhibits attached to Document 32:

---

[1] The parties are reminded that they shall initiate the conference by calling chambers at 513-564-7660 five minutes prior to the scheduled time.

    a.      Exhibit A at Page 5 is a Receipt, Acknowledgement and Release signed by Defendant. Is this the machine that Defendant claims he received as compensation or in lieu of compensation?

    b.      Paragraph 3 of the Affidavit of Mike Franko at Page 12 refers to original patent documents.  Please explain what these documents are. If they are patents, how are these publicly-filed documents proprietary?

    c.      Paragraph 3 and 4 of the Affidavit of Mike Franko at Page 12 refer to proprietary documents.  Identify all of the proprietary documents to which those paragraphs refer.

    d.      Paragraph 7 of the Affidavit of Mike Franko at Pages 12-13 identifies technology that Mr. Franko avers Defendant shared with him.  What is Plaintiff's position as to the proto-type baseball bat, golf club and portable treatment wands as described in Paragraph 7?

    e.      Exhibit D attached to Document 32 at Page 14 refers to a "copy of our Patent Book."  How is that patent book described in Exhibit D proprietary?

<u>As to Defendant</u>:

Following up on Defendant's Notice to Plaintiff's Discovery Deficiencies Pursuant to the Court's Order Dated August 13, 2014 (Doc. 33), please discuss the following subparts of Paragraph 2:

1.      Subpart (a) describes a "Non-Disclosure, Non-Circumvention Agreement and Release."  What does the expiration of the Agreement have to do with breaches alleged to have occurred while the document is in force and doesn't the "Return of Products" provision described in the Agreement survive the expiration date?

2.      Subpart (b): Isn't this a summary judgment argument?

3.      Subpart (c): What is your point?

In light of these and other unresolved issues and the multiple discovery difficulties that have occurred since the inception of this case, Plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction (Doc. 9) is **DENIED**,[2] and the Motion to Reschedule the Evidentiary Hearing on the Preliminary Injunction (Doc. 19) is likewise **DENIED**.  If the matter proceeds, then it will be set for a permanent injunction hearing.

Defendant's Motion to Dismiss (Doc. 5) and Defendant's Motion to Compel, Motion to Dismiss for Lack of Prosecution, Motion for Sanctions (Doc. 20) also are **DENIED,** subject to re-filing with leave of Court pending the result of the various discovery issues.

**IT IS SO ORDERED**.


s/Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[2] The Court previously denied that Motion for a Temporary Restraining Order and deferred a ruling on the Motion for a Preliminary Injunction until an evidentiary hearing was held, which it informed the parties would not occur until they "conferred regarding the outstanding discovery issues, have determined a method of resolving said disputes, and have sought Court approval for this methodology."  (Docs. 17, 25).  The parties have yet to satisfy that criteria.